<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ROY A. VAN WYK, | : | Civil No. 10-1627 (SDW) |
| | : | |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| ANDREW J. CEVASCO, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

It appearing that:

1. Presently before this Court is a Complaint and application to proceed <u>in forma pauperis</u> submitted by Roy A. Van Wyk, an inmate incarcerated at US Penitentiary at Atwater, California.

2. Based on his affidavit of poverty, prison account statement and the apparent absence of three qualifying dismissals under 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1915(a).

3. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity or is proceeding <u>in forma pauperis</u>.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  The PLRA requires the Court to <u>sua sponte</u> dismiss at any time a claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  Id.  The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  With these precepts in mind, the Court will determine whether any of Plaintiff's claims should be dismissed.

    4.  In the Complaint, Plaintiff sues his brother Kenneth Van Wyk; Andrew Cevasco, the administrator of the estate of Plaintiff's mother; Cevasco's partner Louis Tomasella; William Baily, the attorney who represented his brother; and Jane and John Does.  Plaintiff alleges that his mother died on May 25, 2001, one month after receiving $1,100,000.00 in a medical malpractice settlement.  He asserts that his mother's will dated July 21, 1978, left her estate to Plaintiff and his brother Mark Van Wyk, but left nothing to Plaintiff's other siblings, i.e., Kenneth Van Wyk and Joyce Van Wyk.  He further alleges that, as a result of perjury of Kenneth in a deposition on July 17, 2002, and at a court hearing on February 2, 2004, New Jersey Judge Gerald Escala declared the will invalid, determined that the decedent died intestate, and named Andrew Cevasco as administrator of the estate.  Plaintiff further asserts that Judge Escala subsequently retired from the bench "and now works for the very same law firm to whom he (Judge Escala) had appointed to administer the estate." (Docket Entry #1, p. 6.)  Plaintiff alleges that he thereafter notified Cevasco of the perjury of Kenneth, but Cevasco did not act upon same.  Plaintiff asserts that defendants violated his civil rights in violation of 42 U.S.C. § 1983 when they breached their fiduciary duties, conspired to defraud the courts of the State of New Jersey

2

and to defraud Plaintiff of his proper inheritance from his mother's estate under the will, and willfully inflicted emotional distress on Plaintiff.  Plaintiff seeks compensatory and punitive damages under 42 U.S.C. § 1983 in the amount of $1,500,000.00.

     5. This Court takes judicial notice of the documents Plaintiff filed in this Court in the matter entitled Van Wyk v. Cevasco, Civil No. 08-3650 (JAG) (D.N.J. filed July 22, 2008).  In that action, Plaintiff filed a Complaint which named the same defendants and asserted essentially the same facts.  The only difference is that Plaintiff asserted diversity jurisdiction and he did not assert violation of 42 U.S.C. § 1983.  This Court dismissed the Complaint and Amended Complaint for lack of subject matter jurisdiction because diversity jurisdiction did not exist where Plaintiff and defendants were all citizens of the State of New Jersey.

     6. This Court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

     7. To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (a) a person caused him to be deprived of a right secured by the Constitution or laws of the United States, and (b) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48

(1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)). State action exists where the private person's conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Private attorneys "will not be considered state actors solely on the basis of their position as officers of the court." Angelico, 184 F.3d at 277 (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)). To establish state action by an attorney, Plaintiff must "show (1) that the attorney defendants' acts were 'the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible' and (2) that the attorney defendants may fairly be said to be state actors." Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (quoting Lugar, 457 U.S. at 937). A private attorney may be found to be a state actor when (1) he is a state official, (2) he has acted in concert with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state. Angelico, 184 F.3d at 277. "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." Lugar, 457 U.S. at 937. Moreover, testifying in a court and providing other evidence to the government, without more, are not actions that may be "fairly attributable" to the state under Lugar, 457 U.S. at 937. See Briscoe v. LaHue, 460 U.S. 325, 329-330 (1983) (private witness's false testimony in a criminal proceeding is not, without more, state action under § 1983); Adickes v. S.H. Kress &

4

Co., 398 U.S. 144, 152 (1970) (private person's complaint to the police about a suspected crime is not, without more, state action); Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1989).

8. Because Plaintiff's allegations do not support an inference that his brother Kenneth, attorney Baily (Kenneth's attorney), attorney Tomasella (Cevasco's partner), and Cevasco (court appointed administrator) were acting under color of state law, the Complaint must be dismissed for failure to state a claim under 42 U.S.C. § 1983.

9. To the extent that Cevasco or any other defendant was acting under color of state law, Plaintiff's claims are also barred by the statute of limitations.

10. The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. N.J. State Police, 603 F. 3d 181, 185 (3d Cir. 2010); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). "Accrual is the occurrence of damages caused by a wrongful act . . . . [T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." Dique, 603 F. 3d at 185-86 (citations and internal quotation marks omitted); see also Montgomery, 159 F.3d at 126 ("the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action") (quoting Genty v. Resolution

Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

     11. The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants. See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in Jones v. Bock, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

     12. In this case, Plaintiff asserts that his rights were violated in 2002 and 2004. Plaintiff asserts that his brother committed perjury at a deposition on July 17, 2002, and in court on February 2, 2004, which resulted in Judge Escala's decision on February 2, 2004, to invalidate the mother's will, determine that the mother died intestate, and to appoint Cevasco. The statute of limitations on Plaintiff's claims accrued on February 2, 2004, at the latest, when the will was invalidated, and expired on February 2, 2006, more than two years before Plaintiff brought his first action in July 2008, and four years before Plaintiff brought the present action. Because it is apparent from the face of the Complaint that Plaintiff's § 1983 claims are time barred, this Court will alternatively dismiss the Complaint as untimely. See also Muma v. High Spec, Inc., 2010 WL 4386718 at *2 (3d Cir. Nov. 5, 2010 (allegations of fraud on a state court do not eradicate the statute of limitations on § 1983 claims arising from the alleged fraud); see also e.g., McPherson v. United States, 2010 WL 3446879 at *4 (3d Cir. Sept. 2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the

complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir. 2007) ("district court may sua sponte dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(a) where it is apparent from the complaint that the applicable limitations period has run"); Fogle v. Pierson, 435 F. 3d 1252, 1258 (10th Cir. 2006); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (en banc); Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991).

13. An appropriate Order accompanies this Memorandum Opinion.

s/Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Dated: January 4, 2011