**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROY A. VAN WYK, | : | Civil No. 10-1627 (SDW) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| ANDREW J. CEVASCO, et al., | : | |
| Defendants. | : | |

**WIGENTON**, District Judge:

    1. On March 29, 2010, Plaintiff, an inmate incarcerated at US Penitentiary at Atwater, California, filed a Complaint. (Dkt. 1.)

    2. By Order and Memorandum Opinion filed January 4, 2011, this Court granted Plaintiff's application to proceed in forma pauperis and dismissed the Complaint with prejudice.[1]

    3. Presently before this Court is a 13-page document filed March 14, 2011, in which Plaintiff seeks reconsideration of the Order dismissing the Complaint with prejudice and to amend his Complaint to show that this Court has diversity jurisdiction. (Dkt. 10.) Plaintiff claims diversity jurisdiction because, although all defendants reside in New Jersey, Plaintiff now plans to stay in California upon his release from prison.

    4. This Court takes judicial notice of the documents Plaintiff filed in this Court in the matter entitled Van Wyk v. Cevasco, Civil No. 08-3650 (JAG) opinion (D.N.J. filed Feb. 24, 2010). In that action, Plaintiff filed a Complaint which named the same defendants as this case and asserted the same facts. The only difference is that Plaintiff asserted diversity jurisdiction in

---

[1] Plaintiff appealed. On April 4, 2011, the United States Court of Appeals for the Third Circuit dismiss the appeal for failure to timely prosecute. (Dkt. 11.)

the complaint before Judge Greenaway and in this Complaint he claimed federal question jurisdiction. Judge Greenaway dismissed the amended complaint in Civil No. 08-3650 (JAG) for lack of subject matter jurisdiction because diversity jurisdiction did not exist where Plaintiff and defendants were all citizens of the State of New Jersey.[2]

5. Despite Plaintiff's present intention to remain in California when he is released from incarceration, "incarceration in a penal institution will not work a change in domicile" for purposes of diversity jurisdiction. Pierro v. Kugel, Civ. No. 09-1686 (DRD), 2009 WL 1043955 at *2 (D.N.J. Apr. 16, 2009); see also McCraken v. Murphy, 129 Fed. App'x 701, 702 (3d Cir. 2005) ("Because [plaintiff] was incarcerated when he filed his complaint, his citizenship is determined by his state of domicile immediately before being incarcerated"). Because Plaintiff was domiciled in New Jersey prior to his incarceration, he remains a citizen of New Jersey for purposes of determining diversity jurisdiction during his incarceration.[3]  Id.

6. This Court grants Plaintiff's motion to reconsider dismissal of the Complaint with prejudice and will again dismiss the Complaint with prejudice and without leave to amend.

7. An appropriate Order accompanies this Memorandum Opinion.

s/Susan D. Wigenton<br>
**SUSAN D. WIGENTON, U.S.D.J.**

Dated: August 10, 2011

---

[2] Plaintiff alleged that he was born in New Jersey, he resided in New Jersey prior to his incarceration, and he intended to live in New Jersey upon his release from prison. See VanWyk v. Cevasco, Civil No. 08-3650 (JAG) am. compl. (D.N.J. Aug. 17, 2009).

[3] Even if Plaintiff were domiciled in California, which he is not, complete diversity would not exist because the defendants are domiciled in New Jersey.